IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                       Case No. 3:13-CV-03105

IN THE MATTER OF THE ESTATE OF
STACEY M. JOHNSON, Deceased                                                             DEFENDANT

**ORDER**

On April 21, 2014, the Court entered an order to show cause (Doc. 11) in which it directed the United States to supplement its petition of removal by filing an affidavit or other document on the record asserting a proper statutory basis for removal, on or before May 1, 2014.

The United States filed a supplement in response to the Court's order (Doc. 12) on May 1, 2014. In the supplement, the United States indicated that the Court's order raised four questions: (1) whether the Court has subject matter jurisdiction, (2) whether the United States is entitled to remove its claim under § 1441, (3) whether § 1444 is an applicable removal statute, and (4) whether removal of part of the probate matter is appropriate. (Doc. 12, p. 2). This misconstrues the Court's order. Rather, in the order, the Court *sua sponte* raised the singular issue of whether, assuming that original jurisdiction exists, the Court has removal jurisdiction over this matter. The Court pointed out that although the United States purported to exercise a right to removal under 28 U.S.C. §§ 1441 and 1444, those statutes authorize removal by a defendant, and the United States was the party asserting a claim against the Estate in state court. Therefore, the petition of removal (Doc. 1) was deficient in that it failed to adequately plead removal jurisdiction. Accordingly, the Court ordered as follows: "The Court therefore DIRECTS the United States to supplement its petition of removal by filing an affidavit or other

-1-

document on the record with this Court asserting a proper statutory basis for removal." (Doc. 11, p. 3).

The supplement in response filed by the United States fails to set forth a proper statutory basis for removal. A significant portion of the response is devoted to the issue of original jurisdiction, which was not an issue raised by the Court. With respect to the issue of removal jurisdiction, the United States asserts that it "should be allowed to remove to federal court for determination the Executrix' [sic] Objection to Claim under 28 U.S.C. § 1441(a)." (Doc. 12, p. 4). It further contends that although it is listed as the Plaintiff in this case, the United States "is in effect defending its claim in response to the Executrix's Objection to Claim." *Id.* Also, "[b]ecause the matter is not the routine law suit [sic] where a plaintiff sues a defendant, arguably, the matter is removable to Federal Court pursuant to Section 1441, because there is original and subject matter jurisdiction pursuant to 28 U.S.C. § 1345." *Id.* The United States failed to file any affidavits or other documentation in support of these assertions.

These assertions do not establish that removal is appropriate under § 1441. Section 1441(a) requires more than just the existence of original jurisdiction for removal to be proper. The statute provides, in full:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Here, the United States has failed to provide the Court with any authority to support its assertion that it is "the defendant" in the state court action, within the meaning of § 1441(a). Nor

has the United States provided any authority to support its contention that removal of an objection to a claim brought by the United States in a probate proceeding qualifies as "any civil action" within the meaning of § 1441(a). The Court cannot, therefore, exercise removal jurisdiction in this case.

Accordingly, as the Court lacks removal jurisdiction over this dispute, this case is hereby REMANDED to the Probate Court of Baxter County, Arkansas.

IT IS FURTHER ORDERED that any other motions that remain pending are DENIED AS MOOT.

IT IS SO ORDERED this 2nd day of May, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE